Barbara K. Polich (#2620)
Jason D. Boren (#7816)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
One Utah Center, Suite 600
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
E-mail: polichb@ballardspahr.com
        borenj@ballardspahr.com

Gary R. Plotecher
Ann M. Maher
Nicole J. Renouard
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
E-mail: gplotecher@whdlaw.com
        amaher@whdlaw.com
        nrenouard@whdlaw.com

FILED
U.S. DISTRICT COURT

2006 OCT -2   P  3: 31

Attorneys for Plaintiffs Rio Tinto America Inc.,
Rio Tinto Energy America, Kennecott Utah Copper
Corporation, and Kennecott Land Company

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RIO TINTO AMERICA INC., RIO TINTO ENERGY AMERICA, KENNECOTT UTAH COPPER CORPORATION, KENNECOTT LAND COMPANY, each being a Delaware corporation,**<br><br>        **Plaintiffs,**<br><br>**v.**<br><br>**THOMAS A. BELCHAK, an individual, RIO TINTO AMERICA INC., a Utah corporation and d/b/a RIO TINTO UNIFIED,**<br><br>        **Defendants.** | **Case No.: 2:06CV_____**<br><br>**COMPLAINT**<br><br>Judge Dee Benson<br>DECK TYPE: Civil<br>DATE STAMP: 10/02/2006 @ 15:33:39<br>CASE NUMBER:  2:06CV00838  DB |

Plaintiffs, Rio Tinto America Inc., Rio Tinto Energy America Inc., Kennecott Utah Copper Corporation, and Kennecott Land Company (collectively, the "Plaintiffs"), by their attorneys, Ballard Spahr Andrews & Ingersoll, LLP and Whyte Hirschboeck Dudek S.C., as and for their Complaint against defendants, Thomas A. Belchak, Rio Tinto America Inc., a Utah corporation, and Rio Tinto America Inc. d/b/a Rio Tinto Unified (collectively, the "Defendants"), allege as follows:

## Parties

1.  Plaintiff Rio Tinto America Inc. ("Rio Tinto America") is a Delaware corporation, with a principal place of business at 505 South Gillette Avenue, Gillette, WY 82717-3009.

2.  Plaintiff Rio Tinto Energy America Inc. ("Rio Tinto Energy") is a Delaware corporation, with a principal place of business at 505 South Gillette Avenue, Gillette, WY 82717-3009.  Rio Tinto Energy America Inc. is owned by Rio Tinto America Inc.

3.  Plaintiff Kennecott Utah Copper Corporation ("KUCC") is a Delaware corporation, with a principal place of business at 8315 West 3595 South, Magna, UT 84044-6001.  Kennecott Utah Copper Corporation is owned by Kennecott Holdings Corporation, which in turn is owned by Rio Tinto America Inc.

4.  Plaintiff Kennecott Land Company ("KLC") is a Delaware corporation, with a principal place of business at 5295 South 300 West, Salt Lake City, UT 84107.  Kennecott Land Company is owned by Kennecott Utah Copper Corporation, which is owned by Kennecott Holdings Corporation, which in turn is owned by Rio Tinto America, Inc.

5.  Defendant Thomas A. Belchak ("Belchak") is a Utah citizen residing at 9579 Drive Dunsinane Drive, South Jordan, UT  84095.

1

6.   Defendant Rio Tinto America Inc., a Utah corporation, is a corporation incorporated under the laws of the state of Utah with a principal place of business alleged to be at 1780 W. 9000 South, #301, West Jordan, Utah 84088 but which is in fact nothing more than a rented drop box.  Rio Tinto America Inc. is also doing business as Rio Tinto Unified, with a principal place of business listed the same as the corporation Rio Tinto America Inc, alleged to be at 1780 W. 9000 South, #301, West Jordan, Utah 84088.

### Jurisdiction & Venue

7.   This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, with reference to 15 U.S.C. § 1125(a).

8.   Personal jurisdiction exists over Belchak because he is a citizen of Utah who resides and works in Utah.

9.   Personal jurisdiction exists over Defendant Rio Tinto America Inc. because it is incorporated in the State of Utah.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and because Defendants can be found in this district and the events giving rise to the claims herein have occurred in this district.

### BACKGROUND AND GENERAL ALLEGATIONS

The Rio Tinto Group of Companies

11. Rio Tinto America is a member of the Rio Tinto Group (NYSX symbol RTP) is one of the world's largest mining enterprises with activities in more than 40 countries and a global turnover in 2005 in excess of $2 billion ($US).

12. Rio Tinto America is the parent company of the North American asset base of the Rio Tinto Group, and, as such, all business conducted within the United States on behalf of the Rio Tinto Group is conducted through Rio Tinto America and its direct and indirect subsidiaries.

13. Plaintiffs Rio Tinto Energy, KUCC and KLC are all direct or indirect subsidiaries of Rio Tinto America.

14. Rio Tinto America is the plan sponsor as well as the "Plan Administrator", as that term is defined in the Employee Retirement Income Security Act of 1974 ("ERISA") of *Rio Tinto America Inc. Retirement Plan*, a defined benefit pension plan, whose participants are the 6,500 employees, retirees and spouses of Rio Tinto America's U.S. subsidiaries and affiliates some of whom are residents of the State of Utah.

15. Rio Tinto America is the plan sponsor as well as the ERISA Plan Administrator of the *Rio Tinto America Inc. Savings Plan*, a 401(k) plan, whose participants are the 5,000 employees and former employees of Rio Tinto America's U.S. subsidiaries and affiliates, some of whom are residents of the State of Utah.

16. Rio Tinto America is also the plan sponsor as well as the ERISA Plan Administrator of the *Rio Tinto America Inc. Health and Welfare Plan*, an employer sponsored health plan, whose participants and beneficiaries are the 10,000 plus employees and former employees and their dependents of Rio Tinto America's U.S. subsidiaries and affiliates some of whom are residents of the State of Utah.

17. Rio Tinto America contracts with as many as a dozen different independent health plan administrators and insurance carriers across the country that provide medical, dental, vision

and EAP services to the participants and beneficiaries of the Rio Tinto America, Inc. Health and Welfare Plan.

18. ERISA Section 404 imposes a fiduciary duty on the Plan Administrator and as a fiduciary of the entities described in paragraphs 13 through 16 above, Rio Tinto America is obligated to protect the assets of those entities and to ensure that the beneficiaries thereof - who recognize and associate the name Rio Tinto America with each of the benefit plans described above – know and trust that their assets are safe.

Plaintiffs' Use of the RIO TINTO Name and Mark

19. Each Plaintiff is a member of the Rio Tinto Group and uses the Rio Tinto name and mark in relation to its goods and services and to represent that it is part of the global family of businesses the public has come to know as Rio Tinto ("RIO TINTO") as evidenced by its website http://www.riotinto.com, true and correct copies of portions of this website are attached hereto as **Exhibit A**.

20. Rio Tinto America has been using RIO TINTO since July 28, 1997, when it changed its name from RTZ America Inc. to Rio Tinto America Inc.  A true and correct copy of the Certificate of Amendment of Certificate of Incorporation evidencing the use of the RIO TINTO name by Rio Tinto America is attached hereto as **Exhibit B**.

21. Rio Tinto Energy is engaged in the business of mining, extracting, producing, transporting, storing and distributing coal and coal by-products.  Rio Tinto Energy has used the RIO TINTO name and mark since at least as early as May 8, 2006.  A true and correct copy of letterhead, an invoice, business cards, marketing and website materials, advertisements, a press

release and letter announcing a name change, all of which demonstrate use of the RIO TINTO name and mark by Rio Tinto Energy are attached hereto as **Exhibit C.**

22. KUCC is engaged in the business of mining, extracting, producing, transporting, storing and distributing copper and copper by-products, and has been operating in this business since 1904. In 1989, KUCC was acquired by the Rio Tinto Group. Prior to the time of the acts alleged herein, KUCC has been using the RIO TINTO name and mark or indicating to the public that it is part of the Rio Tinto Group. A true and correct copy of the current logo, business cards, letterhead, website materials, a sign outside KUCC's Arbor Park offices, a welcome sign at KUCC's Copperton offices, various photos and a tour guide booklet from the Kennecott Bingham Canyon Mine Visitor Center and portions of various informational reports demonstrating use of the RIO TINTO name and mark are attached hereto as **Exhibit D.**

23. KLC is a land development company committed to using the land and water assets owned by KUCC in a way that creates enduring and sustainable communities in Utah. Prior to the time of the acts alleged herein, KLC has been using the RIO TINTO name and mark or indicating to the public that it is part of the Rio Tinto Group. A true and correct copy of website and marketing materials demonstrating use of the RIO TINTO name and mark is attached hereto as **Exhibit E.**

24. In addition to Rio Tinto Energy, KUCC and KLC, several other companies owned by Rio Tinto America use the RIO TINTO name and mark and are also members of the Rio Tinto Group, including, without limitation:

- Rio Tinto Mining and Exploration Inc.;

- Rio Tinto America Industrial Materials, Inc.;

5

- Rio Tinto Mineral Services, Inc.;

- Rio Tinto Energy America Services Company;

- Rio Tinto Services Inc.;

- Rio Tinto White Horse Company; and

- Rio Tinto Minerals Inc.

25. Prior to the acts complained of herein, Plaintiffs have continuously and extensively used the RIO TINTO name and mark throughout the United States in relation to their goods and services and/or to advertise and promote themselves as members of the Rio Tinto Group.

26. Plaintiffs have made significant expenditures to advertise and promote their goods and services nationally under the RIO TINTO name and mark, and use of the RIO TINTO name and mark account for substantial revenues and profits to Plaintiffs.

27. As a result of the continuous and extensive advertising, promotion and use, the RIO TINTO name and mark have become distinctive, widely known and recognized as identifying Plaintiffs as a source of high-quality goods and services and as distinguishing the source of those goods and services from others. The RIO TINTO name and mark have come to represent and symbolize the enviable reputation and very valuable goodwill of Plaintiffs among members of the trade and the purchasing public with regard to Plaintiffs' goods and services.

28. The RIO TINTO name and mark is entitled to immediate and strong protection from infringement and injury.

Plaintiffs' Learn of Defendants' Improper Use of the RIO TINTO name and mark

29. On September 20, 2006, Ms. Victoria Peacey, KUCC's Senior Environmental Advisor, was contacted by Mr. Doug Jensen of the Utah Department of Oil Gas & Mining

("DOGM") who indicated that another DOGM employee, Ms. Susan White, had been contacted by a representative of United Title Company saying that Rio Tinto Unified had recorded a copy of a September 28, 1978 Mined Land Reclamation Contract (the "Reclamation Contract") between KUCC and the Utah Board of Oil, Gas, and Mining at the Salt Lake County Recorder's Office.

30. The Reclamation Contract establishes certain reclamation obligations with respect to KUCC's mining and mineral processing operations located in the central and northern Oquirrh Mountains. The Reclamation Contract describes the location of KUCC's operations as including approximately 90 sections of land, or approximately 57,600 acres, most of which are located in Salt Lake County.

31. The United Title Company representative asked Ms. White whether KUCC intended to start mining again in the areas identified in the document and reported that since the information had been filed with the Salt Lake County Recorder's Office, he had to include it in the title search.   Mr. Jensen, in turn, inquired of KLC as to why the document had been recorded by Rio Tinto Unified.

32. KUCC did not record the Reclamation Contract with the Salt Lake County Recorder and is not related to, or familiar with, a company called Rio Tinto Unified.

33. Upon investigation, Plaintiffs learned that on August 16, 2006, Belchak, on behalf of Defendants, without authority or the knowledge or consent of KUCC, or any other member of the Rio Tinto Group, obtained a certified copy of the Reclamation Contract from DOGM and submitted it for recording to the Salt Lake County Recorder's Office.  A true and correct copy of the Reclamation Contract as recorded by Belchak is attached hereto as **Exhibit F**.   The

7

Recorder's stamp at the top right corner of the first page of Exhibit F identifies Rio Tinto Unified as the party tendering the document for recordation.

34. The lands identified in the Reclamation Contract and against which the Reclamation Contract was recorded are currently owned by KUCC, KLC and third parties who acquired property rights from KUCC or KLC.

35. Defendants do not have any relationship with Plaintiffs or any other member of the Rio Tinto Group, have no legal interest in the Reclamation Contract, and do not own or have any interest in the lands against which the Reclamation Contract was recorded.

36. The recording of the Reclamation Contract by Defendants is a wholly frivolous and vexatious act which purports to create a lien or encumbrance on the lands owned by KUCC, KLC, its affiliates, and third parties in favor of the Utah Board of Oil, Gas, and Mining, when in fact the Reclamation Contract creates no such lien either by its terms or by operation of law under the Utah Mined Land Reclamation Act.  Recording of the Reclamation Contract by Defendants is not authorized by the Utah Mined Land Reclamation Act or any other state or federal statute, by any court order, or any of the Plaintiffs.  The recording of the Reclamation Contract by Defendants is a wrongful lien and improperly clouds title to the property owned by KUCC, KLC and other third parties.

37. After learning about the recordation of the Reclamation Contract and upon further investigation, Plaintiffs learned that on August 15, 2006, Belchak incorporated a company with the *identical* name of Plaintiff Rio Tinto America, a Utah corporation, with the Office of the Utah Secretary of State.  A true and correct copy of the Articles of Incorporation for Rio Tinto America Inc., a Utah corporation, is attached hereto as **Exhibit G**.

8

38.     Plaintiffs also learned that, on August 15, 2006, Belchak reserved "Rio Tinto America Inc." and "Rio Tinto Unified" with the Utah Department of Commerce as registered names to conduct business. A true and correct copy of these corporate name reservations with the Utah Department of Commerce is attached hereto as **Exhibit H**. A true and correct copy of the name reservation application for Rio Tinto Unified, showing Rio Tinto America, a Utah corporation, is attached hereto as **Exhibit I**.

39.     Belchak was aware of KUCC and KLC and their relationship with the Rio Tinto America and/or the Rio Tinto Group. Prior to the acts alleged herein, Belchak has attended several public meetings and voiced objections against KUCC and KLC. In 1997, KUCC installed a replacement well on Belchak's property and for Belchak's benefit, and KUCC and Belchak subsequently entered into a Settlement Agreement and Release on September 2, 1999 in relation to this replacement well.

40. In part because of Belchak's history with KUCC and KLC, Belchak had full knowledge of Plaintiffs' RIO TINTO name and mark and willfully and purposefully chose the corporate names confusingly similar to Plaintiffs' RIO TINTO name and mark to disrupt Plaintiffs' businesses and to mislead, cause confusion or to deceive.

41. Belchak incorporated Rio Tinto America Inc., a Utah corporation, with the intent of giving the Salt Lake County Recorder the impression that he was somehow associated with Plaintiffs so that the Recorder would accept the Reclamation Contract for recordation.

42. None of the Defendants has acquired any rights in the RIO TINTO name and mark prior to any of Plaintiffs' initial use of the RIO TINTO name and mark.

9

43. By incorporating Rio Tinto America Inc., a Utah corporation, and by doing business as Rio Tinto Unified, Belchak has falsely represented that he and Defendant Rio Tinto America Inc. are in some way authorized by or related to Plaintiffs and thereby has purposefully and mischievously misled, caused confusion, or is likely to mislead or cause confusion, with the public, government agencies and officials and purchasers of Plaintiffs' goods and services.

44. The likelihood of this deception has caused or is likely to cause serious harm to Plaintiffs' property, the RIO TINTO name and mark and goodwill and has damaged or is likely to materially damage Plaintiffs and their respective businesses.

**Count I**
**False Designation of Origin and False or Misleading**
**Description or Representation of Fact**
**15 U.S.C. § 1125(a)**

45. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 44 above.

46. Defendants' use of the RIO TINTO name and mark is without authorization from Plaintiffs.

47. The Defendants' misappropriation and unauthorized use of the RIO TINTO name and mark has caused, or is likely to cause, confusion, mistake or deception with respect to:  (a) the origin of Defendants' goods and services; (b) whether the Defendants' goods and services are sponsored or approved by Plaintiffs; or (c) whether there is an association between Defendants and Plaintiffs.  The likelihood of this confusion, mistake or deception has caused or is likely to cause serious harm to Plaintiffs' property and goodwill and has damaged or is likely to materially damage Plaintiffs and their respective businesses.

48. Until Defendants are enjoined from using the RIO TINTO name or mark, or any derivative thereof, confusion among the public and in the trade will result by reason of the identical nature of the names and marks.  Third parties, government agencies and purchasers familiar with Plaintiffs would believe that Defendants are, contrary to fact, associated with, endorsed by or in some way related to Plaintiffs.  Any act by Defendants or fault or defect in Defendants' goods or services would reflect upon and seriously injure the reputation that Plaintiffs have established for its goods and services sold under the RIO TINTO name and mark. In addition, purchasers familiar with the RIO TINTO name and mark would likely confuse Plaintiffs with Defendant Rio Tinto America Inc. and Rio Tinto Unified.  Confusion will likely result in damage to Plaintiffs' income and reputation and potentially a loss of sales.

49. Defendants' use constitutes a false designation of origin and a false or misleading description or representation of fact, which is likely to cause confusion, mistake or deception to the serious detriment of Plaintiffs.

50. Defendants' actions have been willful and with full knowledge of the false designation of origin and false or misleading description or representation of fact.

51. Defendants' acts constitute a violation of 15 U.S.C. § 1125(a)(1).

## Count II
## Federal Trademark Dilution
### 15 U.S.C. 1125(c)

52. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1-44 and 46-50 above.

53. The RIO TINTO name and mark have become famous and distinctive.

54. Defendants' use of the Rio Tinto America Inc. and Rio Tinto Unified names in commerce was subsequent to the RIO TINTO name and mark becoming famous.

55. Defendants' use of the Rio Tinto America Inc. and Rio Tinto Unified names blurs, tarnishes and causes dilution of the RIO TINTO name and mark and causes serious harm to Plaintiffs' respective businesses, property and goodwill.

56. Defendants' use of the Rio Tinto America Inc. and Rio Tinto Unified names lessens the capacity of the RIO TINTO name and mark to identify and distinguish Plaintiffs and their goods and services.

57. Defendants have acted willfully and with the intent to dilute the fame or distinctiveness of the RIO TINTO name and mark.

**Count III**
**Injury to business reputation – Dilution under Utah State Law**
**70-3a-403**

58. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1-44, 46-50 and 53-57 above.

59. The RIO TINTO name and mark have become famous in Utah.

60. Defendants' use of the RIO TINTO name and mark began after the name and mark became famous, and such use has caused or is likely to cause dilution of the distinctive quality of the Rio Tinto name and mark.

61. Defendants have acted willfully and with the intent to trade on Plaintiffs' reputation or to cause dilution of the RIO TINTO name and mark.

## Count IV
## Intentional Interference with Existing and Prospective Business Relations

62. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-44, 46-50, 53-57 and 59-61 above.

63. In connection with the conduct of their business, Plaintiffs have entered into valid contractual relationships with various individuals and business entities for the purpose of furthering the sale of Plaintiffs' goods and services.

64. Belchak knew, or should have known, of Plaintiffs' contractual relationships with various individuals and business entities.

65. By virtue of registering Rio Tinto America Inc., a Utah corporation, with the Utah Secretary of State, reserving the name Rio Tinto Unified and recording the Reclamation Contract with the Salt Lake County Recorder, Belchak intentionally, unjustifiably and improperly interfered with Plaintiffs' contractual relationships by improper means or for an improper purpose.

66. Plaintiffs have been damaged as a result of tortious interference by Belchak with Plaintiffs' contractual relationships.

## Count V
## Private Nuisance

67. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1-44, 46-50, 53-57, 59-61 and 63-66 above.

68. By recording the Reclamation Contract with the Salt Lake County Recorder under the Rio Tinto Unified name, Defendants actions have caused injury to KUCC's and KLC's enjoyment of their property identified in the Reclamation Contract.

13

69. Defendants' actions were intentional and unreasonable.

70. The injury caused by Defendants to KUCC and KLC is substantial and unreasonable.

**Count VI**
**Common Law Trademark Infringement**

71. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1-44, 46-50, 53-57, 59-61, 63-66 and 68- 70 above.

72. Defendants' acts constitute trademark infringement under the common law of the State of Utah.

WHEREFORE, plaintiffs Rio Tinto America Inc., Rio Tinto Energy America, Kennecott Utah Copper Corporation and Kennecott Land Company pray judgment against the Defendants, Thomas A. Belchak, Thomas A. Belchak d/b/a Rio Tinto Unified and Rio Tinto America Inc., as follows:

1.      A preliminary and permanent injunction against Defendants and all related entities using the RIO TINTO name or mark, including Rio Tinto America Inc., a Utah corporation, and Rio Tinto Unified, their owners, directors, officers, employees, agents, representatives, licensees and any and all persons in active concert or participation with Defendants, enjoining and restraining the use of the RIO TINTO name and mark, and requiring Defendants to withdraw the corporate registration of Rio Tinto America Inc., the reservation of the Rio Tinto America Inc. and Rio Tinto Unified business names from the Utah Secretary of State, and any other company incorporated or name reserved in any other state that uses the RIO TINTO name or mark.

2.      An order requiring that all website materials, advertisements, signs, literature, business forms, cards, labels, pamphlets, brochures, and any other written and printed material in

14

the possession or control of Defendants and all related corporations using the RIO TINTO name or mark along with the owners, directors, officers, employees, agents, representatives, licensees and any and all persons in active concert or participation with Defendants which bear the RIO TINTO name or mark, and any means of making the same, be delivered up to the Plaintiffs for destruction.

3.      An accounting of Defendants' profits, if any, relating to its sales or contracts using the RIO TINTO name or mark.

4.      An award of monetary damages for the injuries sustained by Plaintiffs as a result of Defendants' trademark infringement, false designation of origin and false or misleading description or representation of fact and dilution.

5.      An award of treble damages sustained by Plaintiffs as a result of Defendants' trademark infringement, false designation of origin and false or misleading description or representation of fact and dilution in accordance with 15 U.S.C. § 1117.

6.      Costs and disbursements incurred in the prosecution of this action, including reasonable attorneys' fees, as provided under and in accordance with Utah law, common law and 15 U.S.C. § 1117.

7.      Statutory damages.

8.      Such other and further relief as the Court deems appropriate to protect the rights

of Plaintiffs.

DATED this 2nd day of October, 2006.

*Barbara K. Polich*

Barbara K. Polich
Jason D. Boren
Ballard Spahr Andrews & Ingersoll, LLP
One Utah Center, Suite 600
201 South Main Street
Salt Lake City, UT 84111-2221
Telephone:  801-531-3000
Fax:  801-531-3001
Email:  polichb@ballardspahr.com
             borenj@ballardspahr.com

Gary R. Plotecher
Ann M. Maher
Nicole J. Renouard
Whyte Hirschboeck Dudek S.C.
555 East Wells Street
Suite 1900
Milwaukee, WI 53202
Telephone:  414-273-2100
Fax:  414-223-5000
Email:  gplotecher@whdlaw.com
             amaher@whdlaw.com
             nrenouard@whdlaw.com

Attorneys for Plaintiff Rio Tinto America Inc., Rio
Tinto Energy America, Kennecott Utah Copper
Corporation and Kennecott Land Company

Plaintiffs' Addresses:
Rio Tinto America Inc.
Rio Tinto Energy America
Kennecott Utah Copper Corporation
Kennecott Land Company
c/o James M. Elegante
8291 West 3595 South
Magna, Utah 84044

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFF(S): | (a) DEFENDANT(S): |
|---|---|
| Rio Tinto America, Inc.; Rio Tinto Energy America; Kennecott Utah Copper Corporation; Kennecott Land Company, each being a Delaware corporation | Thomas A. Belchak, an individual; Rio Tinto America Inc., a Utah corporation and d/b/a Rio Tinto Unified<br><br>2006 OCT -2 P 3: 31 |
| **(b)** County of Residence of First Listed Plaintiff: **Campbell Cnty WY**<br><br>(EXCEPT IN U.S. PLAINTIFF CASES) | **(b)** County of Residence of First Listed Defendant: **Salt Lake County UT**<br><br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney(s) (Firm Name, Address and Telephone Number):<br><br>**(see attachment)** | **(c)** Attorney(s) (Firm Name, Address and Telephone Number):<br><br>unknown |

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)  (FOR DIVERSITY CASES ONLY)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/ Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| | | | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| | | | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor / Mgmt. Relations<br>☐ 730 Labor / Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommod.<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 444 Amer. w/Disab.-Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. §1125(a) - trademark infringement

| VII. REQUESTED IN COMPLAINT | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ >$100,000 and injunctive relief | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☐ Yes ☒ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions) | JUDGE: | DOCKET NUMBER: |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| *October 2, 2006* | *Barbara L. Polich* |

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUD _____

Judge Dee Benson
DECK TYPE: Civil
DATE STAMP: 10/02/2006 @ 15:33:39
CASE NUMBER:  2:06CV00838  DB

DMWEST #6448987 v1

## ATTACHMENT TO CIVIL COVER SHEET

Plaintiffs

Rio Tinto America, Inc.;
Rio Tinto Energy America;
Kennecott Utah Copper Corporation; and
Kennecott Land Company

Attorneys for Plaintiff

Barbara K. Polich (Utah Bar #2620)
Jason D. Boren (Utah Bar #7816)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, UT 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
Email: polichb@ballardspahr.com
        borenj@ballardspahr.com

Gary R. Plotecher
Ann M. Maher
Nicole J. Renouard
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI 53202
Telephone:  (414) 273-2100
Facsimile:  (414) 223-5000
Email: amaher@whdlaw.com
        nrenouard@whdlaw.com
        gplotecher@whdlaw.com

Defendants

Thomas A. Belchak
9579 South Dunsinane Dr.
South Jordan, UT  84095-9512
(801) 280-2524

Rio Tinto America Inc.
 d/b/a Rio Tinto Unified
c/o Its Registered Agent, Thomas A. Belchak
9579 South Dunsinane Dr.
South Jordan, UT  84095-9512
(801) 280-2524

Attorney for Defendants

(unknown at this time)

_____
_____
_____

(unknown at this time)

_____
_____
_____

DMWEST #6448993 v1

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.